IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PERRY LEE BRIDGEMAN, | } |
| Plaintiff, | } |
| v. | } Civil Action File No. |
| GENERAL NUTRITION CORPORATION, | } REMOVAL |
| Defendant. | } |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant General Nutrition Corporation ("GNC"), by and through the undersigned counsel, hereby petitions this Court for removal of the above-styled civil action from the Superior Court of Gwinnett County, State of Georgia, pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. In support hereof, Defendant sets forth the following:

### GROUNDS FOR REMOVAL

1. This action is removable to federal district court because it arises under the laws of the United States and there is diversity of citizenship.

2. On March 7, 2011, a Summons and Complaint were served upon Defendant GNC in an action entitled Perry Lee Bridgeman v. General Nutrition

Corporation, Civil Action No. 11A-02162-5 in the Superior Court of Gwinnett County, State of Georgia.

3.  In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint filed in the State Court Action is attached hereto as Exhibit "A" and copies of all process, pleadings, and orders served upon Defendant GNC in Civil Action No. 11A-02162-5 are attached hereto as Exhibit "B".

4.  Pursuant to 28 U.S.C. § 1446(d), Defendant GNC gave prompt written notice hereof to all parties and filed a *Notice of Filing Notice of Removal* with the Clerk of the Superior Court of Gwinnett County, Georgia, Civil Action No. 11A-02162-5, simultaneously with the filing of this Petition for Removal. A true and correct copy of the Notice is attached as Exhibit "C".

5.  This Petition is being filed pursuant to 28 U.S.C. § 1446(b) within thirty (30) days of receipt of the initial pleading in which it could be ascertained that the case is removable.

6.  Plaintiff's Complaint alleges that:

(a) Plaintiff obtained a right to sue Defendant GNC from the Equal Employment Opportunity Commission;

(b) Defendant GNC harassed Plaintiff because of his race;

(c) Defendant GNC wrongfully terminated Plaintiff based on false accusations;

(d) Plaintiff is entitled to recover actual damages for lost income and damages flowing from harassment, racial discrimination, and wrongful termination; and

(e) Plaintiff is entitled to punitive damages in a sum not less than one million dollars.

7. Because Plaintiff seeks to recover for race discrimination, harassment, and wrongful termination and bases his lawsuit upon a right to sue from the United States' Equal Employment Opportunity Commission, Defendant GNC avers that Plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964. Accordingly, this Court has original jurisdiction over this civil action under 28 U.S.C. § 1331.

8. Based upon information and belief, Defendant GNC avers that Plaintiff is a citizen of the State of Georgia for purposes of federal diversity jurisdiction under 28 U.S.C. § 1332. Defendant GNC at all material times herein was and is a "foreign corporation" doing business in the State of Georgia and is a corporation duly organized and existing under the laws of the State of Pennsylvania. Defendant GNC's principal place of business is also in

Pennsylvania. Accordingly, Defendant GNC is a citizen of Pennsylvania, the State in which it is incorporated and the location of its principal place of business. 28 U.S.C. § 1332(c).

9.   As set forth in the Complaint, Plaintiff's alleged damages exceed the sum or value of $75,000, exclusive of interest and costs. Accordingly, the amount in controversy clearly exceeds $75,000.

10.   Because diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over the controversy pursuant to 28 U.S.C. § 1332(a).

11.   This being a civil action over which the district courts of the United States have original jurisdiction under 28 U.S.C. §§ 1331 and 1332(a), Defendant GNC is entitled to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendant GNC respectfully requests that the above-entitled action, now pending in the Superior Court of Gwinnett County, Georgia, Civil Action No. 11A-02162-5 be removed to this Court.

Respectfully submitted this 6th day of April, 2011.

/s/ Brennan W. Bolt
Brennan W. Bolt

                                      Georgia Bar No. 066170
                                      bbolt@mcguirewoods.com
                                      Curtis L. Mack
                                      Georgia Bar No. 463636
                                      cmack@mcguirewoods.com

McGuireWoods LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30303
404.443.5500 (telephone)
404.443.5599 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PERRY LEE BRIDGEMAN, | }<br>} |
| Plaintiff, | }<br>} |
| | } Civil Action File No. |
| v. | }<br>} |
| GENERAL NUTRITION CORPORATION, | } REMOVAL<br>}<br>} |
| Defendant. | }<br>} |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed **Notice of Removal of Civil Action** with the Clerk of Court using the CM/ECF system and that a copy was served on all counsel of record via U.S. Mail as follows:

> Macklyn A. Smith, Sr., Esq.
> Post Office Box 742
> Lawrenceville, Georgia 30046-0742

This 6th day of April, 2011.

/s/ Brennan W. Bolt
Brennan W. Bolt
Georgia Bar No. 066170
bbolt@mcguirewoods.com

McGuireWoods LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30303
404.443.5500 (telephone)
404.443.5599 (facsimile)